IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| EDWIN F. LEGARD, JR.; ELIZABETH ANNE COX TRUST, by and through its Trustee, Elizabeth Anne Cox; and EMILY P. BAKER GENERATION SKIPPING TRUST, by and through its Trustee, William G. Baker, Jr., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EQT PRODUCTION COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 1:10-cv-00041 |

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION
TO CERTIFY A QUESTION TO THE SUPREME COURT OF VIRGINIA

   Defendant, EQT Production Company ("EQT"), submits this reply memorandum in support of its motion to certify a question to the Supreme Court of Virginia.

   *1. The Question Is Determinative in the Proceeding.*

   EQT has moved the Court to certify the following question to the Supreme Court of Virginia:

> Under an oil and gas lease providing for a royalty of one-eighth (1/8) of the proceeds or market value at the well, may the lessee, in computing the royalty, deduct from the sales

price the reasonable costs of gathering, compressing, and transporting the gas to a downstream sales point?

Docket Entry 63. In their response, plaintiffs do not contest the importance of this question to the case, but they contend that it is not dispositive of the *whole* case. Therefore, plaintiffs argue that the question cannot be certified.

Contrary to plaintiffs' contention, Virginia simply requires that the certified question be "determinative in any proceeding." Va. R. Sup. Ct. 5:40(a). [1] The question presented by EQT may not decide the whole case, but it will decide one of the main issues in the case: Whether a lessee can deduct the reasonable costs of moving gas to a downstream point of sale. Plaintiffs contend that *no* expenses may be deducted. See complaint, ¶ 16. A decision by the Supreme Court of Virginia will determine this claim.

Neither the Supreme Court of Virginia nor courts certifying questions to the Supreme Court of Virginia have required that a certified question be dispositive of the whole case. One can, of course, find examples where the question was dispositive of the whole case, but there is no requirement that it be so. *See Perez v. Capital One Bank*, 258 Va. 612, 614, 522 S.E.2d 874 (1999) (accepting certification of an issue involving one count of a multi-count complaint); *West American Ins. Co. v. Bank of Isle of Wight*, 673

---

1. Rule 5:40(c) specifies what should be contained in the certification order. Among other things, the order should state how the certified question is "determinative of the proceeding." To the extent that this difference in wording is significant, the phrase "determinative in the proceeding" should control, as it is the standard under Rule 5:40(a), which defines the scope for certification.

F. Supp. 760, 764 (E.D. Va. 1987) (stating that the "determinative" requirement is intended to avoid a "'futile, academic exercise'" by the Supreme Court of Virginia).

The authority for the Supreme Court of Virginia to accept and decide certified questions is stated in the Constitution of Virginia.

> The Supreme Court shall, by virtue of this Constitution, have original jurisdiction . . . to answer questions of state law certified by a court of the United States or the highest appellate court of any other state . . . .

Va. Constitution, Art. VI, § 1.  The authority to accept certified questions is not limited to questions that are dispositive of the whole case.

Limiting certification to questions that are dispositive of the whole case renders the procedure "virtually useless."  17A Charles A. Wright, et al, *Federal Practice & Procedure*, § 4248 (2007).  Such a "severe restriction" fails to recognize the reality that "often a great deal remains to be done in the federal proceeding after the state court's answer is received."  *Id.*  For this reason, most jurisdictions reject this narrow view of certification.  *See*, *e.g.*, *Volvo Cars of N. Am. v. Ricci*, 137 P.3d 1161, 1164 (Nev. 2006) (allowing certification when the question may determine only "part of the federal case"); *Western Helicopter Serv., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 629 (Ore. 1991) (allowing certification when the question may determine any claim in the case).

### 2.  *The Motion to Certify Is Timely.*

There is no set time by which a motion to certify must be made.  The motion can be made in the district court or on appeal.  Obviously, if a question is certified

4

by the court of appeals, as is often the case, the question has already been decided by the district court.

Plaintiffs note that a district court may decline to certify a question after it has decided the question. Docket Entry 69 at 7. But that is not the posture of this case. The district court has received a report and recommendation from its magistrate judge, but the district court has not decided any issue in this case. Moreover, the report and recommendation supports certification because, with respect to the "at the well" provision, the report states, "The parties have not cited, and I cannot find, any Virginia authority interpreting similar language in oil and gas leases." Docket Entry 60 at 18.

### 3. *The Motion to Certify Promotes Judicial Economy.*

After criticizing the motion to certify as coming too late, plaintiffs next argue that the motion comes too early. Specifically, plaintiffs contend that the case must proceed through discovery because the question "cannot be answered without a complete factual record." Docket Entry 69 at 5. This, of course, is a familiar theme of many plaintiffs faced with a motion to dismiss: Let the case go forward so the facts can be developed. But the argument ignores the fact that the issue is already before the court. EQT has moved to dismiss certain claims on the ground that the leases expressly allow – indeed require – the lessee to pay royalties based on the proceeds "at the well," not at some point of enhanced value downstream of that location. The motion challenges the legal sufficiency of plaintiffs' claim that no deductions can be taken from the

downstream price to determine the proceeds "at the well."  If the issue is not decided by the Supreme Court of Virginia, it will have to be decided by this court.

   Certifying the question to the Supreme Court of Virginia may result in some delay, but the benefits of having an authoritative ruling from the Supreme Court of Virginia far outweigh any burdens of delay.  The district court will not have to predict what rule Virginia will follow, and there will be no possibility of inconsistent decisions.  A decision from the Supreme Court of Virginia will benefit not only the parties in this case but also the parties in other litigation involving this same issue.  "[I]n the long run," certification "save[s] time, energy, and resources and helps build a cooperative judicial federalism."  *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

             EQT PRODUCTION COMPANY

             By Counsel

Wade W. Massie
 VSB No. 16616
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
wmassie@pennstuart.com

By  */s/ Wade W. Massie*
  Wade W. Massie

6

CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Larry D. Moffett, Esq., Peter G. Glubiak, Esq., Richard R. Barrett, Esq., Don Barrett, Esq., David M. McMullan, Jr., Esq., Katherine B. Riley, Esq., Brian Herrington, Esq., Charles F. Barrett, Esq., Elizabeth A. Alexander, Esq., David S. Stellings, Esq., Jennifer Gross, Esq., Steven E. Fineman, Esq., and Daniel E. Seltz, Esq.

                                            /s/ *Wade W. Massie*
                                            Wade W. Massie