# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **EDWIN F. LEGARD, JR., ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:10CV00041 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **EQT PRODUCTION COMPANY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Brian Herrington, Barrett Law Group, P.A., Lexington, Mississippi, for Plaintiffs; Wade W. Massie, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

Plaintiffs, natural gas property owners, bring this diversity civil action alleging they are entitled to certain payments from the defendant, their lessee, a gas production company. The matter is before the court on defendant's Motion to Certify a Question of Law to the Supreme Court of Virginia. Because judicial economy and efficiency disfavor certification in this case, I deny the motion.

I

In June 2010, the plaintiffs-lessors filed the current class action Complaint against the defendant-lessee, EQT Production Company ("EQT"), accusing EQT of underpaying gas royalties due the plaintiffs. Pertinent to the current motion, the

plaintiffs allege that these underpayments were accomplished, among other stratagems, by improperly deducting certain post-production costs. The defendant has sought dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which I referred to United States Magistrate Judge Pamela Meade Sargent for appropriate proceedings. See 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). Judge Sargent heard argument on the Motion to Dismiss and on January 11, 2011, filed an extensive Report setting forth her findings and recommendations.

Among the issues presented to Judge Sargent is the one defendant now seeks to certify to the state court:

> Under an oil and gas lease providing for a royalty of one-eighth (1/8th) of the proceeds or market value at the well, may the lessee, in computing the royalty, deduct from the sales price the reasonable costs of gathering, compressing, and transporting the gas to a downstream sales point?

(Def.'s Mot. to Certify 1.)

In her Report, Judge Sargent noted that no Virginia authority has yet addressed this question in the oil and gas lease context. (Report 18.) However, she found that, "[t]he courts of other states that have interpreted similar language have come down on both sides of the issue . . . thus, two lines of cases have developed: Those that follow the 'at the well' rule and those that follow the 'first marketable product' rule." (*Id.* (internal citations omitted)). After comparing the

two strains of case law, Judge Sargent recommended that this court adopt the so-called "first marketable product rule." (*Id.* at 19, 32.)

In its current motion, filed following Judge Sargent's Report, the defendant now urges the court to certify this question of Virginia law to the Virginia Supreme Court. Although my research comports with Judge Sargent's finding that this issue remains an unsettled one under existing Virginia precedent, I do not believe staying the action for certification is appropriate.

II

In accord with *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), a federal court exercising diversity jurisdiction must apply the law of the highest court of the state in which it sits. *Wells v. Liddy*, 186 F.3d 505, 527-28 (4th Cir. 1999). Where state law is unclear, the court must predict how the highest court of that state would rule if presented with the issue. *Id.*

In the case of difficult and important issues of state law, a federal court may, in its discretion, exercise available state law procedure to certify the issue directly to the state's highest court. *See, e.g. Rowan v. Tractor Supply Co.*, No. 7:00-CV-00467-JLK-GC, 2001 WL 35840128, at *9 (W.D. Va. June 6, 2001). The Supreme Court of Virginia has enacted a rule of court that allows such certification. Va. Sup. Ct. R. 5:40. Rule 5:40 provides that a federal district court

may request certification where a question of Virginia law is "determinative" in the pending proceeding and "there is no controlling precedent on point" in the decisions of Virginia's Supreme Court or Court of Appeals. *Id.* Whether the Virginia Supreme Court will take up the certified question remains a decision within its discretion. *Id.*

Regardless of the availability of Rule 5:40's certification procedure, certification is never compelled, *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974), and this court remains under a duty to decide questions of state law, even if difficult and uncertain, when necessary to render judgment. *Meredith v. City of Winter Haven*, 320 U.S. 228, 234-35 (1943). I remain mindful that "certification involves an imposition on the time and resources of the Supreme Court of Virginia" and "an increase in the expenditure of time and resources by the parties." *West Am. Ins. Co. v. Bank of Isle of Wight*, 673 F. Supp. 760, 764 (E.D. Va. 1987). Thus, "the discretion to certify should be cautiously exercised." *Id.*

In the present instance, I do not believe certification is warranted or necessary. Federal courts must routinely predict state law, and certifying the present question would add unnecessary expense and delay to this case. While I am sensitive to this issue's significance as to the defendant's liability, the issue has been addressed and decided by multiple other jurisdictions, supplying assistance for this court's benefit in predicting Virginia law. The case has been pending for

some time, and the parties and the court have already devoted considerable resources to a resolution of the issue. These facts, consistent with the principles of judicial economy and efficiency, direct my discretion. Accordingly, I will deny the motion.

III

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Certify a Question to the Supreme Court of Virginia (ECF No. 63) is DENIED.

ENTER: March 24, 2011

/s/ James P. Jones
United States District Judge