IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| EDWIN F. LEGARD, JR.; ELIZABETH ANNE COX TRUST, by and through its Trustee, Elizabeth Anne Cox; and EMILY P. BAKER GENERATION SKIPPING TRUST, by and through its Trustee, William G. Baker, Jr., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>EQT PRODUCTION COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   MEMORANDUM OPINION<br>)<br>)<br>)<br>)   Case No. 1:10cv00041<br>)<br>)<br>)<br>)<br>) |

   This case is before the court on the plaintiffs' Motion To Substitute Class Representatives, ("Motion to Substitute") (Docket Item No. 126); Plaintiffs' Motion For Protective Order, ("Motion for Protective Order") (Docket Item No. 127); and Defendant EQT Production Company's Motion For Rule To Show Cause, ("Motion to Show Cause") (Docket Item No. 137) (collectively "Motions"). These Motions were heard before the undersigned on February 7, 2012.  Based on the arguments and representations contained in the parties' briefs, as well as oral arguments presented at the hearing on these Motions, I will grant the Motion to Substitute, and I will grant in part and deny in part the Motion for Protective Order and the Motion to Show Cause.

1

In their Motion to Substitute, the plaintiffs ask the court to substitute for them Eva Mae Adkins, a member of the putative class, as the plaintiff and proposed class representative in this case. Adkins already is the proposed class representative in *Adkins v. EQT Production Company, et al.*, No. 1:11cv31 (W.D. Va. filed April 20, 2011), another coalbed methane case pending in this court. At the February 7 hearing, plaintiffs' counsel argued that the current proposed class representatives, (collectively "the Legards"), wish to step aside in that role because their case involves special circumstances which may not make their claims "typical" as is required for class certification.[1] EQT contends that there is an issue as to whether the Legards' claim is time-barred. Plaintiffs' counsel further contend that if the Motion to Substitute is denied, EQT will simply file another motion to dismiss based on statute of limitations grounds, which, if granted, would result in the plaintiffs filing another motion to substitute, the denial of which would prompt Adkins simply to refile the case as the proposed class representative. The plaintiffs argue that this would do nothing more than create unnecessary delay in the case.

EQT opposes the Motion to Substitute, basing its argument primarily on the pre-certification, as opposed to post-certification, status of this case. Specifically, EQT argues that the court cannot substitute one class representative for another when no class exists. Putting this argument aside, however, EQT also argues that it would be prejudiced by granting the Motion to Substitute because it would be required to take Adkins's deposition and serve discovery on her, thereby further delaying the case.

---

[1] The issue of class certification was stayed by this court on February 16, 2011. (Docket Item No. 81).

After careful consideration of the parties' arguments, and guided by the Fourth Circuit's decision in *Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259 (4th Cir. 1981), I will grant the Motion to Substitute. In *Int'l Woodworkers*, an employment discrimination action, the district court denied class certification summarily and without explanation. However, on appeal, the Fourth Circuit found that the district court acted prematurely in denying class certification and remanded the case to the district court to "permit a proper plaintiff or plaintiffs … to present themselves to the court to pursue the claim as class representatives." *Int'l Woodworkers,* 659 F.2d at 1270 (citing *Goodman v. Schlesinger*, 584 F.2d 1325, 1332-33 (4th Cir. 1978); *Cox v. Babcock & Wilcox Co.*, 471 F.2d 13, 15-16 (4th Cir. 1972)). I find that the Fourth Circuit's remand in *Int'l Woodworkers* for the potential appointment of a proper class representative undermines EQT's argument that a motion to substitute may not properly be granted when no class has yet been certified. The court did note that, in deciding the issue of class certification, courts have "generally refused to consider the impact of such affirmative defenses as the statute of limitations on the potential representative's case." *Int'l Woodworkers*, 659 F.2d at 1270.

*Int'l Woodworkers* was cited three years later in *Dameron v. Sinai Hosp. of Baltimore, Inc.,* 595 F. Supp. 1404, 1409 (D. Md. 1984). The *Dameron* case was before the district court, partially, on a motion for class certification. The district court ultimately granted the motion for class certification, but only after considering what impact, if any, the potential untimeliness of the named class representative's claim would have on class certification. *See Dameron,* 595 F. Supp. at 1409. The district court, citing *Int'l Woodworkers*, found that if the named class representative's claim was barred by the statute of limitations, which

would not be determined at that time, then a proper plaintiff may later be substituted to represent the class. *See Dameron,* 595 F. Supp. at 1409.

Despite the Fourth Circuit's and the district court's holdings in *Int'l Woodworkers* and *Dameron*, respectively, that affirmative defenses such as the statute of limitations generally will not be considered in deciding whether a class should be certified, I find that, under the holding in *Int'l Woodworkers*, a motion to substitute may, nonetheless, be granted prior to class certification. I agree with plaintiffs' counsel that no real prejudice will befall EQT. Despite EQT's assertion that if Adkins is substituted as the plaintiff and proposed class representative it would have to conduct discovery anew, I find this is not the case since Adkins already is serving as the proposed class representative in another pending coalbed methane case, in which EQT already has conducted discovery. I also find that such a substitution in this case would further serve the purpose of judicial economy by potentially preventing the parties from churning through additional motions only for Adkins to simply refile the case herself. It is for all of these reasons that I will grant the Motion to Substitute.

Based on this ruling, I also will grant in part and deny in part the Motion for Protective Order and the Motion to Show Cause. In the Motion for Protective Order, the plaintiffs seek to suspend their obligation to: (1) respond to EQT's interrogatories and document requests served on November 11, 2011; (2) produce documents by Charles Bartlett in response to EQT's November 11, 2011, subpoena; and (2) appear for depositions by the plaintiffs and Bartlett. In their Motion to Show Cause, EQT moves the court to issue a rule to show cause directing Bartlett to produce the documents and appear for the deposition referenced in the Motion for Protective Order. Counsel have informed the court

that Bartlett has produced the documents that are the subject of the November 11, 2011, subpoena.  I will order the plaintiff, Adkins, to produce responses to outstanding written discovery previously filed by the defendants within 14 days of the date of the order accompanying this Memorandum Opinion.  I also will order that Adkins, the Legards and Bartlett be made available for deposition within 30 days of the date of the order accompanying this Memorandum Opinion.

An appropriate order will be entered.

ENTERED this 20th day of March, 2012.

/s/  *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE