IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| EVA MAE ADKINS, ETC., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:10CV00041 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| EQT PRODUCTION COMPANY, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*David S. Stellings and Daniel E. Seltz, Lieff Cabraser Heimann & Bernstein, LLP, New York, New York, for Plaintiff; Wade W. Massie, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

The defendant has objected to the magistrate judge's order granting the plaintiff's Motion to Substitute Class Representatives. For the reasons that follow, I will deny the objections.

The original plaintiffs in this case were Edwin F. Legard, Jr., Elizabeth Anne Cox Trust, and Emily P. Baker Generation Skipping Trust. Those plaintiffs alleged that they had voluntarily leased their interests in coalbed methane gas to the defendant, EQT Production Company ("EQT") and accused it of underpaying royalties, in particular by improperly deducting certain post-production costs.

They sought class certification of their claims. Thereafter[1] they filed the present Motion to Substitute Class Representatives, which was referred to the magistrate judge for determination. In the motion, the plaintiffs sought an order allowing the substitution of Eva Mae Adkins as the named plaintiff and class representative, alleging that she was a member of the putative class and that the substitution would not affect the claims in the Complaint or prejudice the defendant. EQT objected, arguing that substitution prior to class certification would be inappropriate, particularly where the defendant would be prejudiced. EQT contended that it would be prejudiced because it had already taken the discovery depositions of the original plaintiffs, which showed that they had not been deceived as to post-production deductions, as they claimed.

After briefing and oral argument, the magistrate judge granted the motion and permitted the substitution of the named plaintiff. *Legard v. EQT Prod. Co.*, No. 1-10cv00041, 2012 WL 933192, at *2 (W.D. Va. Mar. 20, 2012) (Sargent, J.) The magistrate judge found that EQT would suffer no real prejudice and that substitution would serve the purpose of judicial economy.

---

[1] While the present motion was filed approximately 18 months after suit was filed, there were considerable intermediate proceedings, including the determination of EQT's Motion to Dismiss by the magistrate judge, objections thereto and eventual rulings by this court, and a following Motion to Certify an Interlocutory Appeal by EQT, as well as a Motion to Certify a Question to the Supreme Court of Virginia by EQT and its determination by this court. This motion practice was extensive, but it involved legal issues presented in the case rather than factual matters peculiar to the original plaintiffs.

A magistrate judge's ruling as to nondispositive matters may be reversed only upon a finding that the order is clearly erroneous or contrary to law.  28 U.S.C.A. § 636(b)(1)(A) (West 2006);  Fed. R. Civ. P. 72(a).  An order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999) (internal quotation marks and citation omitted).  An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Mktg. Solutions, Inc. v. Fowler*, No. 1:09-CV-1392-GBL-TCB, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (internal quotation marks and citation omitted).

I do not find the magistrate judge's ruling to be clearly erroneous or contrary to law.  While the substitution may be for tactical reasons, I agree with the magistrate judge that it would not unduly prejudice the defendant or the ultimate resolution of this case and in fact would, practically speaking, prevent further delay.

For these reasons, it is **ORDERED** that Defendant's Objections to Magistrate Judge's Memorandum Opinion and Order Dated March 20, 2012 (ECF No. 169) are DENIED.

ENTER: July 24, 2012

/s/ James P. Jones
United States District Judge