IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **ROBERT ADAIR, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:10CV00037 |
| **EQT PRODUCTION COMPANY,** | ) ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| **EVA MAE ADKINS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:10CV00041 |
| **EQT PRODUCTION COMPANY,** | ) ) ) | |
| Defendant. | ) | |

_____

## OPINION AND ORDER

Plaintiffs in these two related certified class actions have filed a joint Motion to Compel Production of Complete Class Lists and for Sanctions, which motion has been fully briefed and is ripe for decision.

The court granted motions for class certification in the cases on March 29, 2017, and an attempted interlocutory appeal by the defendant EQT Production Company ("EQT") was declined by the court of appeals. The parties then engaged in lengthy settlement negotiations, during which further substantive proceedings in the cases were suspended. On April 18, 2018, at a status conference, it was conceded by the parties that further settlement efforts were fruitless, and thereafter the court granted an amendment to the *Adair* class definition and resolved disputes over the form of the necessary class notice in each case. Now another dispute has arisen as to the production of lists of class members to whom such notices will be sent.

Plaintiffs contend that EQT has failed to provide it with accurate lists of the names and addresses of putative class members and has resisted doing so since the classes were certified in March of 2017, thus justifying sanctions. In summary, it is contended that the list provided in *Adair* is under represented and in *Adkins*, is over represented. In response, EQT argues that the allegedly missing class members in *Adair* are not properly class members at all, and in *Adkins*, that the

over included list is (a) not harmful and (b) in any event can be revised as easily by plaintiffs at their cost. I will take up the specific arguments in each case separately.

*Adair*

In the *Adair* case, the class definition was amended by extending the date to April 1, 2018, by which a gas claimant must have received a distribution from escrow as a result of a judicial determination of ownership or agreement. Order Granting Motion to Modify Class Definition, May 7, 2018, Case No. 1:10CV00037, ECF No. 640. It was clear that the intent of this modification was to include in the class those class claimants involved in the 2017 settlement of a case in this court entitled *Weyerhaeuser Co. v. Yellow Poplar Lumber Co.,* No. 1:13CV00062, in which EQT was a party. EQT points out that while a party to *Yellow Poplar*, a successor in interest actually sought the distributions resulting from that court-approved settlement. However, I agree with class counsel that EQT is required to supplement the class list with those persons or entities who EQT identified to the Virginia Gas and Oil Board as gas claimants and who received distributions from escrow as a result of judicial determination of ownership or agreement not later than April 1, 2018, regardless of whether EQT applied for the distribution. That would certainly include any gas claimants in the *Yellow Poplar* case who meet those requirements. I do not find this to be a unreasonable hardship for EQT.

*Adkins*

In *Adkins*, EQT has provided a list that admittedly includes lessors of gas interests who are not members of the class, because their leases expressly allow for the deduction of post-production costs. EQT argues that it is equally as burdensome for the parties to review the individual leases and remove those where post-production costs are expressly allowed, and accordingly, if plaintiff wants to correct the over-inclusion, it should be her responsibility. The plaintiff responds that the class is defined with relation to the "business records maintained by EQT," Order Granting Motion to Modify Class Definition, May 7, 2018, Case No. 1:10CV0041, ECF No. 447, and thus the burden ought to be on the defendant.

Considering all of the circumstances, and the history of the case, I find the plaintiff's request reasonable, and will direct EQT to examine its business records and remove from the class list those lessors whose leases expressly allow for the deduction of post-production costs.

*Sanctions*

The plaintiffs seek monetary sanctions against EQT for its deficiencies in providing the class lists. While the present dispute has delayed final resolution of these cases, the cases have been pending far too long in any event, and fault for that delay overall falls on the court as well as the parties. EQT's arguments here are not without merit and I find sanctions not to be appropriate.

*Conclusion*

For the foregoing reasons, it is **ORDERED** that the Motions to Compel Production of Complete Class Lists and for Sanctions, Case No. 1:10CV00037, ECF No. 645, and Case No. 1:10CV00041, ECF No. 452, are GRANTED IN PART, and EQT must provide to class counsel corrected class lists, as described by the court herein, within 30 days of the date of entry of this Opinion and Order.

ENTER: July 30, 2018

/s/ *James P. Jones*
United States District Judge